### W. A. CHAPMAN & CO. v. MONTGOMERY WATER POWER CO.

(Circuit Court, M. D. Alabama. January 29, 1904.)

1. EXECUTION—STAY PENDING DETERMINATION OF RIGHT TO EQUITABLE SET-OFF—INJUNCTION AGAINST PLAINTIFF IN ANOTHER JURISDICTION.

Plaintiffs, who were citizens of Rhode Island, obtained a judgment at law in a federal court in Alabama against defendant, a corporation of New Jersey, which was superseded but subsequently affirmed, and, after mandate, plaintiffs, and also their attorneys, who, under the law of Alabama, were entitled to a lien on the judgment for fees, filed separate motions for execution thereon. Defendant had instituted a counter action at law against plaintiffs, in the federal court in Rhode Island, for the recovery of a sum in excess of the Alabama judgment, which was still pending, and, after the motions for execution on such judgment, it filed a bill in equity in the Rhode Island court, asserting its equitable right of set-off, and obtained an order from that court enjoining the defendants therein, and their attorneys and agents, from enforcing the Alabama judgment, and this order they set up by motion in the court of Alabama, and asked for a stay of execution. *Held*, that such order, having been made by a court which had jurisdiction both of the subject-matter and of the parties, would be respected by the court in Alabama, which, through comity and in the exercise of its discretion, would refuse an execution to the judgment plaintiffs; but that it did not affect the lien of their attorneys, who were not parties thereto, nor their right to an execution to enforce the same, which could only be affected by a bill, filed in a court having jurisdiction over them, setting up superior equities.

At Law. On motions for issue of execution, and counter motion for stay of execution.

On the 14th of February, 1903, W. A. Chapman & Co., who are citizens of Rhode Island, obtained a judgment at law in this court against the Montgomery Water Power Company, a citizen of New Jersey, for $53,000 damages and costs, for which execution was directed to issue. The judgment was superseded, and the case was carried on writ of error to the Court of Appeals (126 Fed. 372), and there affirmed. The Water Power Company then made an unsuccessful effort to obtain certiorari from the Supreme Court. Almost immediately thereafter Chapman & Co., the plaintiffs in the judgment, presented the mandate of the Court of Appeals, and made written motion on the law side of the docket in this court, for the issue of execution in accordance with the mandate. Defendant in the judgment appeared and resisted the motion. Its attorneys urged orally, in consequence of the short time elapsing between the denial of the application for certiorari and the making of this motion, they

had been cut off from reasonable opportunity to prepare formal papers showing defendant's right to a set-off against the judgment; that plaintiffs in the judgment were insolvent, and indebted to the defendant largely in excess of the amount recovered; that defendant then had pending, in Rhode Island, a suit against the plaintiffs for breach of a contract, in which damages were claimed for an amount far in excess of the judgment here. Counsel for defendant urged the court orally to stay execution, at least until they could take proper proceedings to assert defendant's rights, so that the court could properly pass on them. The plaintiffs insisted that these oral statements presented nothing to the court upon which it could act, and that the court had no right to stay the execution for an instant. The court was of opinion that immediate issue of execution, under the circumstances, would be oppressive. Accordingly it ruled that defendant might prepare its papers as soon as practicable, giving notice to the plaintiffs, after which the court would pass upon the matter, and in the meantime it would not allow the issue of execution. This occurred on the 16th day of January, 1904. Two days afterward defendant filed the following motion on the law side of the docket:

"Now comes the defendant in the above-entitled cause, by Graham & Steiner and Horace Stringfellow, its attorneys, and represents and shows to the court that in the Circuit Court of the United States for the District of Rhode Island, in the city of Providence, the Montgomery Water Power Company, the defendant in the cause in this court, has commenced a suit against Wm. A. Chapman & Company, the plaintiff in the cause in this court, to recover damages for an amount over fifty thousand dollars, for the failure upon the part of said Wm. A. Chapman & Company to complete and carry out its contract, entered into between the parties hereto, to construct, erect, and complete a dam across the Tallapoosa river, above Tallassee, Alabama, and to do other work contracted to be done in connection therewith, a copy of which contract was introduced in evidence upon the trial of this cause, and is made a part hereof, the same in all respects as if fully set out herein; and that said suit in the Circuit Court of the United States for the District of Rhode Island is still pending and undetermined. This defendant further represents unto the court that said Wm. A. Chapman & Company are insolvent. Wherefore this defendant moves the court to stay the issuance of execution upon the judgment rendered in favor of Wm. A. Chapman & Company, and against the Montgomery Water Power Company, in the Circuit Court of the United States for the Middle District of Alabama, until the cause now pending in said Circuit Court of the United States for the District of Rhode Island is tried and determined, in order that whatever judgment, if any, is obtained by the said Montgomery Water Power Company in the Circuit Court of the United States for the District of Rhode Island, against said Wm. A. Chapman & Company, may be set off against the judgment rendered and enrolled, in the Circuit Court of the United States for the Middle District of Alabama, against said Montgomery Water Power Company in favor of Wm. A. Chapman & Company."

On the filing of this motion the parties again appeared before the court on the 18th day of January, 1904. The plaintiffs again insisted that their motion should be granted, and that the defendant was not entitled to a stay of execution, because, among other things, if the power of the court on the law side to give the relief asked by defendant were conceded, there was no evidence whatever of the insolvency; that the paper alleging it was not even verified by affidavit; that the motion was not accompanied by any indemnifying bond, or offer thereof; and that plaintiff's attorneys, who also appeared on their own behalf, had a lien upon the judgment for a large amount, and a pending motion for the issue of execution to enforce it; and it would be most inequitable, on the facts presented to the court, to prevent the issue of execution, at least for the enforcement of their lien. The court stated its concurrence in that view, and that, upon the papers before it, it must deny defendant's motion.

Defendant's counsel then reiterated its insistence that, for the reasons stated, defendant had been deprived of reasonable opportunity to prepare proper proceedings to assert its rights, and to get evidence before the court in support thereof, and urged delay for that purpose. The court remarked that a bill in equity was the remedy, and, to enable the defendant to pursue that remedy, the court, in view of all the circumstances, would postpone the hearing for 10

days, and in the meantime would hold up the execution. Counsel for defendant thereupon stated they had not determined where the bill ought to be filed, here or in Rhode Island, and had not examined the question sufficiently to say that this court had jurisdiction of such a bill. The presiding judge replied, "Undoubtedly this court has jurisdiction of such a bill, as an ancillary proceeding," and that it was the proper remedy, since the issue of execution here, strictly speaking, did not involve abuse of process, etc., or present other grounds upon which courts of law stayed their process. The several motions then went over until January 28th, but were not heard until the 29th, when the parties again appeared. The defendant produced, in support of its motion, a certified record of a restraining order made in Rhode Island, and an affidavit, on information and belief, as to the scope and contents of the bill upon which the restraining order issued. In the view the court took of the case, it is not necessary to scrutinize the averments of the affidavit as to the allegations of the bill filed in Rhode Island. The affidavit does not state specifically that plaintiffs are insolvent, but does state that defendant has a pending action against them in Rhode Island, claiming $150,000 damages for breach of a contract which was still pending, undetermined there, as shown by certified record of the action, and that the object of the bill was to obtain a set-off; and to that end prayed that plaintiffs be enjoined from executing judgment here until the trial in Rhode Island. This restraining order, which was made on the 26th day of January, 1904, was sweeping, restraining the plaintiffs here (the respondents in that suit), their attorneys, agents, etc., "from obtaining or permitting any execution to issue on the judgment, or instituting or prosecuting, or permitting to be instituted or prosecuted, any proceedings whatever to obtain satisfaction of the judgment, until the petition for preliminary injunction filed with the said bill could be heard, and until the further order of the court." The plaintiffs in the judgment formally replied in writing, denying the insolvency and their indebtedness to defendant. The attorneys also formally set up in writing, in their own behalf, the existence of their lien, and moved for execution to enforce it. An affidavit was submitted, showing that the Water Power Company had attached, in the law suit in Rhode Island, property of the plaintiffs', whose market value, exclusive of incumbrances, was over $100,000. It was stated in open court by the plaintiffs' attorneys, and not denied by defendant's attorneys, that defendant had a bond for $50,000, given by a solvent surety company, for the faithful performance of the contract between plaintiffs and defendant, for the breach of which the action in Rhode Island was brought.

W. A. Gunter and Gregory L. Smith, for plaintiffs.
Horace Stringfellow and Graham & Steiner, for defendant.

JONES, District Judge (after stating the facts as above). It is first insisted that the restraining order by the federal court in Rhode Island ought not to be respected here, because the judgment remains unexecuted in this court, and that it is for this court only, whose process on final judgment, after the expiration of the term, must issue as of course, in the absence of further direction from it, to determine whether equities between the parties to the judgment authorize or require stay of execution. Next, it is contended that the bill in Rhode Island on which the restraining order issued, according to the evidence before this court as to its contents and purpose, is without equity; and for this reason, also, this court should not recognize, or compel the parties to abide by, the restraining order.

It is the equity of set-off against the judgment, and authority over the subject-matter and person, not the forum in which the judgment remains unexecuted, which determines jurisdiction to enjoin its collection. If the United States court in Rhode Island obtained jurisdiction of the subject-matter and the parties, its restraining order would not

be void, since the bill on which it issued is not open to collateral assault. The relief sought by the defendant against the plaintiffs in the judgment is undoubtedly of equitable cognizance, and the amount involved is sufficient to give jurisdiction. The defendants to the suit in Rhode Island are citizens and residents of that state. The complainant in that suit, the defendant in the judgment here, is a citizen of New Jersey. The federal court in Rhode Island, finding the plaintiffs in this suit within its territorial jurisdiction, could, at the instance of a citizen of another state, and by decree operating in personam, charge the consciences of the plaintiffs in this suit, who are citizens of Rhode Island, with the duty not to proceed further in the litigation here, and enjoin upon them not to do so, though the act forbidden to be done can be performed only in another jurisdiction, and relates solely to their enforcement of a legal right in the United States court in Alabama. The federal court in Rhode Island and the federal court in Alabama having concurrent jurisdiction to enjoin the issue of execution in aid of the equity asserted by the Water Power Company, the Water Power Company could file its bill, in the first instance, either in this court as an ancillary proceeding, or in the federal court in Rhode Island as an original proceeding. The restraining order made in Rhode Island does not attempt to control the action of this court, or of any of its officers, as to this judgment, or to deal in any degree with the status of any res in the grasp of this court. It operates only in personam on the plaintiffs here. It is inequitable, under the law and policy of both forums, for an insolvent plaintiff to coerce the collection of his debt from a defendant to whom he is indebted in a larger amount.

Decrees in personam made in another forum, when it has jurisdiction of the subject-matter and parties, though offered only as matter of evidence, will, from considerations of comity, be respected in the forum where the judgment remains, when they do not antagonize the laws and policy of the latter forum, or injuriously affect the rights of suitors therein. It would be an unseemly spectacle for a court of justice here, if it has any discretion in the premises, to permit a suitor to enforce in it a right which another court of co-ordinate authority, having jurisdiction of the subject-matter and person, solemnly forbade him to press here, when such decree violates neither the law nor policy of the domestic forum, nor injuriously affects the rights of suitors therein. This court, even at law, certainly has a discretion, which it ought to exercise, not to lend its own process to such suitor, when he comes before the court here, to enable him to evade and nullify the effect of such a decree in personam rendered against him elsewhere.

The equity powers of this court have not been invoked by any bill filed here. The issues raised on the law side of the docket are: (1) Over the right of the plaintiffs to have execution generally; (2) the right of attorneys in their own behalf to have issue of execution to enforce their lien; (3) the right of the defendant, because of its equitable set-off, to have the law court, on motion on the law side, to stay execution until the termination of the lawsuit between the parties in Rhode Island. The only reason now offered by the defendant why its motion for the stay of execution should be granted by the law court here, and why the separate motions of the plaintiffs and their attorneys

for the issue of execution should be denied, is that the United States court in Rhode Island, on bill filed there by the defendant against the plaintiffs to enforce an equitable set-off, has restrained the plaintiffs, their attorneys and agents, from taking any steps to collect the judgment here. The motion of the defendant here for stay of execution is therefore, in substance and legal effect, a motion for a temporary injunction by the law court here, on the bill filed in Rhode Island, in aid of the equitable right of set-off. If the matters now urged by the defendant had been formally set up by bill in equity here, and the equity powers of this court properly invoked, it could not, upon the evidence submitted to the court, order a preliminary injunction. The pivotal fact upon which the equity of the defendant turns is the insolvency of the plaintiffs, and consequent danger, if the judgment in their favor here be enforced, that the defendant will lose the fruit of the judgment it may obtain against the plaintiff in the lawsuit in Rhode Island. No evidence whatever is offered that the plaintiffs are insolvent. It is alleged in the motion before this court, and doubtless in the bill filed in Rhode Island, that they are insolvent. This allegation is formally denied by the plaintiffs here, and the burden of proof as to it certainly rests upon the defendant here. Besides, it is not denied that the defendant has the security of a bond for $50,000, given by a solvent surety company for the faithful performance of the contract, for the breach of which defendant is pursuing the plaintiffs in an action at law in Rhode Island. It is also shown by affidavit, not controverted, that the defendant in the judgment here, in its lawsuit in Rhode Island, has attached property there of the plaintiffs, defendants in that action, whose reasonable market value, exclusive of incumbrances, is over $100,000, to answer whatever judgment may be obtained in the lawsuit in Rhode Island. Certainly the defendant owes the plaintiffs the amount of the judgment recovered here by the plaintiffs. It is not claimed that plaintiffs, on settlement of the account between them and defendant, owe the defendant more than $97,000. If the defendant is coerced to pay the judgment, it still has the security of a $50,000 bond, and attached property worth $100,000, out of which to secure the $97,000 which, on settlement of the transactions between them, would be due the defendant. There is no reasonable probability of the defendant's losing its debt in any event, even if the insolvency of the plaintiffs were shown. Conceding, as is true in Alabama, that an attorney, having a lien on a judgment for professional services in obtaining it, is treated as an assignee to the extent of his lien of a nonnegotiable security, and that this lien will be defeated by set-off existing in favor of the defendant prior to the rendition of the judgment, it suffices to say that there is no proof before the court of any such set-off to defeat the lien claimed here.

Again, the attorneys, by their motion at law for the issue of execution, first asserted, as they had a right to do in this court, a legal remedy, on the law side of the docket, for the enforcement of their lien, before the bill was filed in Rhode Island. Of this legal right, which concerns the enforcement of a lien, the law court here first obtained jurisdiction. The law court here had no right to refuse them execution for such a purpose, especially when the plaintiff in the judg-

ment does not interpose objection. If there be equities—and we have seen here on the proof that there were none—which can defeat the right to coerce satisfaction of the judgment to the extent of the lien, the attorneys, having first commenced legal proceedings here to that end, cannot be deprived of the right to pursue such remedies at law, except by bill on the equity side of the docket here, or in some other court which has jurisdiction of the subject-matter and parties, and to which the attorneys are defendants. The judgment not being in Rhode Island, the attorneys not being citizens of that state, or found therein, the court had no jurisdiction over them or their rights, save as it could indirectly affect them by charging the consciences of the plaintiffs and restraining their personal action. Doubtless, for that reason, the attorneys were not made parties to the equity suit in Rhode Island. These considerations, however, could not prevent the filing of such a bill here. Without such a bill filed, either here or elsewhere, the law court here has no right to restrain the attorneys. It is proper to add, in this connection, that the high character of the attorneys for the Water Power Company, and the misunderstanding on their part, in consequence of what took place in open court, as to where this court expected the bill to be filed, when it granted delay for that purpose, acquits them of any intention or purpose to take advantage of this court by filing their bill and obtaining the restraining order in Rhode Island.

It is insisted that this court should exercise its legal rights over its process at law out of comity to the federal court in Rhode Island, so as to prevent the attorneys from having the process they asked here at law. If the attorneys had been defendants to that bill, the insistence would have great weight. To extend that measure of comity in this instance would require the law court here so to use its discretion over its process at law as to eject from its portals resident suitors who have rightly invoked its power to enforce a lien, compel them to abandon their proceedings here, and renew them in a distant state, there to abide the event of litigation, which may be long protracted, and to which they are not parties. The hardship resultant from such an exercise of discretion is apparent; while on the other hand it would involve no hardship to require the Water Power Company, which, though a legal entity in New Jersey, is in everything except legal fiction an actual resident here, to insist upon its equities, as against the attorneys' lien, by proper bill filed in this court. This it has declined to do. Its attitude does not command the favorable ear of the court to its insistence for comity, which, though in form proposed in behalf of the court in Rhode Island, is, in effect, asked to be extended to defendant. That court will hardly consider this court lacking in comity to it because it refuses, in the exercise of its discretion, to so use its process at law as to enable the defendant here to wage litigation there with the attorneys, which should be carried on here against resident suitors before this court, who are not subject to the jurisdiction of the court in Rhode Island, or made parties to the litigation there. The attorneys were restrained in that suit only in their representative capacity as attorneys, and not as to the assertion of any independent individual right of their own in the judgment.

Unlike the attorneys, Chapman & Co. are defendants, and in their own right, to the suit in the United States court in Rhode Island, subject to its jurisdiction, and have been restrained by it. Their legal rights here are not attacked, and are conceded by the bill there. They have all along insisted that this court, on the law side of the docket, had no jurisdiction to enforce the equity asserted by the defendant, or to stay its process at law in aid of that equity, which they insisted could be done only under the equity powers of this court, when properly invoked on bill filed here. The attempt of the defendant here to interpose the equitable set-off on the law side of the court was abandoned in consequence of the plaintiffs' insistence, and the court's decision that it was well founded. That equity has not again been attempted to be set up here by bill, or otherwise than by putting the proceedings in Rhode Island in evidence. Plaintiffs are hardly in condition to insist that this court should retain jurisdiction of this matter in order to pass upon defendant's equity. An unsuccessful attempt to enforce a purely equitable set-off against a legal right in a law court is not res adjudicata as to such right of set-off, and does not prevent its subsequent assertion by a bill in equity. It is no hardship upon Chapman & Co. to litigate this matter in their home forum with the Water Power Company. In doing so, they take nothing to that court which really belongs here. For these reasons, but mainly because of the order of the federal court in Rhode Island, this court, in the exercise of its discretion over its legal process, declines, when moved by Chapman & Co., to so use that process as to enable them to defeat or defy the order of a federal court of co-ordinate jurisdiction, which, having jurisdiction of the subject-matter and parties, has solemnly forbidden Chapman & Co. to come here at all to enforce this execution.

Counsel may prepare an order that issue of execution be stayed upon the payment of the amount of the attorneys' lien into this court within six days, and, if that is not done, execution shall issue; but all moneys realized, in that event, in excess of the amount of the attorneys' lien, shall be put in the registry of the court, there to remain until withdrawn upon its further order.